# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| LATREACE CANNADY, for her minor child R.E.C., | * * * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:20-cv-2 |
| v. | * * | |
| ANDREW SAUL, Commissioner of Social Security, | * * | |
| Defendant. | * | |

### ORDER

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated February 26, 2021. Dkt. No. 24. In the Report, the Magistrate Judge recommended the Court affirm the Commissioner of Social Security's decision finding Plaintiff not disabled. Id. Plaintiff makes four arguments in her Objections, three of which concern opinions provided by R.C.'s teachers and one concerning testimony from R.C.'s mother about R.C.'s limitations. Dkt. No. 25.

First, Plaintiff argues the Magistrate Judge applied an incorrect standard in reviewing the Administrative Law Judge's ("ALJ") consideration of R.C.'s teachers' opinions. Id. at pp. 2-6. Regarding those teacher opinions, the Magistrate Judge

AO 72A
(Rev. 8/82)

explained ALJs may consider such non-medical sources of evidence but are not typically required to expressly discuss such evidence in their opinions. Dkt. No. 24, p. 8. Plaintiff argues this approach essentially provides a "free pass" to the ALJ to ignore all non-medical evidence and disregard the substantial evidence rule. Dkt. No. 25, pp. 5-6. Plaintiff argues the relevant regulations and Social Security rulings, SEC v. Chenery Corp., 332 U.S. 194 (1947), and the Constitution mandate that ALJs expressly evaluate obviously probative nonmedical pieces of evidence. Id. Plaintiff also asserts the Magistrate Judge relied too heavily on Figuera v. Comm'r of Soc. Sec., 819 F. App'x 870, 872 (11th Cir. 2020), an unpublished Eleventh Circuit decision. Id. at p. 2.

The Magistrate Judge did not apply the incorrect standard. The Magistrate Judge correctly set forth the applicable standard for consideration of non-medical evidence and applied it when reviewing the ALJ's decision in this case. Indeed, the Magistrate Judge noted the ALJ is required to address obviously probative evidence and applied that standard. Dkt. No. 24, pp.12-13. Furthermore, a failure to discuss a nonmedical piece of evidence does not mean the ALJ did not consider the evidence. See Cole ex rel. J.G.C. v. Comm'r of Soc. Sec., No. 6:11-CV-1187, 2012 WL 4077233, at *6 (M.D. Fla. Sept. 17, 2012) ("The failure to discuss specific evidence does not mean that evidence

2

was not considered."). Contrary to Plaintiff's Objections, the Magistrate Judge's reference to Figuera was not error. While Figuera is not binding precedent, the case provides a persuasive interpretation of the relevant regulations and Social Security rulings and is properly considered. 819 F. App'x at 872. The Court agrees and adopts the Magistrate Judge's analysis regarding the ALJ's obligations and finds no merit to the first argument in Plaintiff's Objections.

Plaintiff's remaining arguments concerning the teachers' opinions (her second and third arguments) are a rehash of the arguments raised in her initial brief. In her second argument, Plaintiff argues the ALJ erred in failing to discuss the fourth-grade teacher questionnaires in his opinion. Dkt. No. 25, pp. 6-7. The Magistrate Judge correctly concluded the fourth-grade teacher questionnaires were not obviously probative exhibits the ALJ needed to address. Dkt. No. 24, p. 13. The fourth-grade teacher questionnaires were largely consistent with the other evidence the ALJ did discuss, which demonstrated less than marked limitations. Dkt. No. 14-9, pp. 18-26 (R. 387-95); Dkt. No. 14-6, pp. 4-11 (R. 169-76). Thus, the questionnaires were not obviously probative because they did not contradict the ALJ's decision and were not as significant as the medical experts' findings. Furthermore, any error committed by the ALJ in failing to discuss the questionnaires was harmless, because

AO 72A
(Rev. 8/82)

the questionnaires from these teachers would not support a finding of a marked limitation in anyone of the relevant domains.[1]

In her third argument, Plaintiff argues the ALJ erred in summarily rejecting the sixth-grade teacher opinions. Id. at pp. 7-10. The ALJ's opinion shows he only rejected the teachers' opinions contained in the academic performance sections of the questionnaires due to inconsistencies in those sections. Dkt. No. 14-2, p. 25 (R. 24). It is apparent the ALJ afforded the other sections of the questionnaires some weight. Because the ALJ correctly addressed and weighed the sixth-grade teacher questionnaires and provided adequate explanations for the weight he gave to these various opinions, this Court should not reassess the weight given to them. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Plaintiff's third argument is unavailing.

In her fourth argument, Plaintiff restates the argument in her initial brief that the ALJ erred in discounting the testimony of Claimant's mother. Dkt. No. 25, pp. 10-13. The Magistrate Judge fully considered and rejected this claim of

---

[1] Plaintiff challenges the Magistrate Judge's harmless error analysis and conclusion, arguing it is a prohibited post hoc rationale used to affirm the ALJ's decision. Dkt. No. 25, p. 7. Plaintiff's argument is unavailing. The harmless error analysis in the Report does not purport to provide any explanation or rationale for the ALJ's conclusion; instead, the Magistrate Judge simply concludes in this portion of his Report, if there were error, it was harmless.

error. Dkt. No. 24, pp. 15-19. In her objections, Plaintiff merely restates her claim the ALJ should have provided more explicit and adequate reasons for rejecting the mother's description of Claimant's symptoms. Dkt. No. 25, p. 12.

As the Magistrate Judge explained, the ALJ provided adequate reasons for rejecting the mother's description of the intensity, persistence, and limiting effects of symptoms. Dkt. No. 24, pp. 15-19. The ALJ concluded the Claimant's mother's testimony was inconsistent with the medical evidence and educational records, and the Magistrate Judge properly concluded the ALJ's decision was supported by substantial evidence. Dkt. No. 24, pp. 15-19. Plaintiff argues the ALJ was incorrect because the Claimant's mother's testimony was consistent with some of the Claimant's teachers' opinions. Dkt. No. 25, p. 12. Even assuming this to be true, the Court should not reweigh evidence. Dyer, 395 F.3d at 1210. Rather, the Court must consider whether the ALJ's decision on this issue was supported by substantial evidence, and it plainly was.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **AFFIRMS** the decision of the Commissioner and **DIRECTS** the

5

Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

 **SO ORDERED**, this _____23_____ day of _____March_____, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)